Stockbridge *v.* Nute.

Stockbridge *v.* Nute.

The provisions of the 209th chapter of the Revised Statutes, for the relief of landlords, are applicable in those cases only in which the relation of landlord and tenant is shown.

Writ of Summons under the landlord and tenant act. This action was commenced on the 18th day of August, 1847, before a justice of the peace, under the 209th chapter of the Revised Statutes, relating to actions against tenants; and the defendant, having filed a plea of soil and freehold, the justice recorded said plea, and thereupon said action was brought to the Court of Common Pleas.

The defendant, in his plea, claimed to hold said part of the premises described therein as tenant, under a lease from one Benjamin Thurston to him, bearing date September 4, 1839; which right to hold, the plaintiff by his

replication denied, and alleged that said Nute was, on the day of the date, and still was and continued to be, in possession of the same without right.

By agreement of parties said cause was referred by rule from the Court of Common Pleas to certain referees, who, having heard the parties by their counsel, made a report, remanding said case to that court for the settlement and adjustment of certain questions of law arising in the same, among which was the following : Can the present plaintiff maintain this action under the landlord and tenant act, or should he be nonsuited ?

The parties agreed to the following facts : The plaintiff derived his title as follows : On the 5th of December, 1844, the above named Benjamin Thurston conveyed to one Stephen Moulton, by warrantee deed, duly executed, acknowledged and recorded, a certain tract of land, within the limits of which was included the premises occupied by the defendant, and not reserved.  On the 8th day of April, 1845, said Stephen Moulton reconveyed said premises to said Thurston in mortgage, to secure the payment of a note of the same date for seventy-five dollars, payable in two years, with interest.  On the 10th day of November, 1845, said mortgage was taken up by said Moulton, who gave a new mortgage to said Thurston of the same premises, to secure the payment of two notes of even date therewith—one note for eighty-five dollars, payable on the 1st day of September, 1846, and one for one hundred dollars, payable in two years from date—both on interest annually ; which notes, secured in the last mortgage, now remain wholly unpaid, and said B. Thurston, the mortgagee, entered on said premises to foreclose the same, in June, 1848.  Subsequent to the last mortgage said Moulton's right in equity to redeem said mortgaged premises was attached, at a suit in the name of the plaintiff against said Moulton, upon which execution was duly issued and levied ; and all the right in equity which said Moulton

had of redeeming said land was duly sold and conveyed by a sheriff's deed to the plaintiff, on the 22d day of May, 1847. It was also agreed that the defendant derived his title as follows, viz.: On the 4th day of September, 1839, the above named Benjamin Thurston, by an instrument under seal, purporting to be a lease, but not acknowledged or recorded upon the county records, but recorded upon the records of the town of Alton only, conveyed or leased to said Nute the premises claimed by him in his plea; and that the said Nute has, ever since said conveyance, been in open, visible possession, and now claims to hold said premises by virtue of said conveyance or lease from said Thurston to him. The said Thurston, Nute, Moulton, and Stockbridge, the plaintiff, were all residents of Alton during these transactions.

It was ordered that the questions arising upon the foregoing case be assigned to this court for determination.

*Joel Eastman*, for the plaintiff.

*T. J. Whipple*, for the defendant.

Woods, J. The 209th chapter of the Revised Statutes was provided for the relief of landlords against their tenants, and is applicable only where the relation of landlord and tenant exists, or, rather, having existed, has been dissolved by the expiration of the term, or by some act or omission of the parties.

By the process which the statute furnishes, the title to the land cannot be drawn in question, the only inquiries being, Did the relation of landlord and tenant ever exist between the parties? and has the right of the tenant, acquired by that relation, been lost? The plaintiff, in this process, never prevails but upon the determination of both these questions in the affirmative. Such was the decision in *Leavitt* v. *Wallace*, 12 N. H. 439, under the act of

July 1, 1831, for which the chapter of the Revised Statutes referred to is a substitute.

The claim of the defendant in this case was adverse to the title of the plaintiff. When Thurston conveyed or undertook to convey to Moulton, under whom the plaintiff claims, Nute was in open and visible possession of the premises, claiming an estate in the same. Of the validity of that claim we cannot inquire under this process, so long as the plaintiff does not offer to show that it was in perfect harmony with the estate conveyed by Thurston to Moulton, and in subordination to the title so conveyed; and that it has since expired by its own limitation, or has been forfeited by the default of the tenant.

Nothing of the kind is made to appear, but, in most particulars, the very reverse. The possession and claim of the defendant were adverse to the estate made by the conveyance; and if it were otherwise, and the estate conveyed could be deemed to be a mere remainder, subject to the lease, it does not appear that the lease has expired, or that it has been forfeited by the tenant.

In short, the plaintiff does not show that the defendant was ever a tenant of his. And whether there is any privity between Thurston and this plaintiff, which should, in any event, entitle him to enter the premises upon the expiration or forfeiture of the lease, is not raised by the case. The plaintiff must, therefore, become nonsuit.

*Plaintiff nonsuit.*